UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARK RICHMOND,

    Plaintiff,

    v.                                    CAUSE NO. 3:23-CV-649-DRL-MGG

ANNE M. WALKER,

    Defendant.

OPINION AND ORDER

Mark Richmond, a prisoner proceeding without a lawyer, filed an amended complaint. (ECF 8.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Richmond is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Richmond is incarcerated at Indiana State Prison (ISP). He claims that he is an "adherent follower of Jesus Christ, identifies as a CHRISTIAN, and is a member of Christ's Church," with a particular emphasis on "progressive Christian theology." He

claims that one of the primary tenets of his religion is to feed the poor. In September 2021, ISP's warden approved him to participate in a program called "Thanksgiving in a box," a charity event to provide meals to needy families in Michigan City, Indiana. However, he claims that Chaplain Anne Walker, who is in charge of religious programming at ISP, told him he would only be permitted to participate if he changed his religious preference to "General Christian." He believes she imposed this requirement on him because she disagrees with his theology. He states that Chaplain Walker has told him on more than one occasion that she disagrees with his theology because in her view "it gives false hope." It can be discerned that he did not participate in the program.

In March 2022, he decided to change his religious preference to General Christian. In September 2022, he signed up to speak at a General Christian service. He claims that anyone can sign up to speak and that there are no other requirements for speaking other than signing one's name on a sheet, and that he had done so in the past approximately five times. However, on that date, Chaplain Walker allegedly told him he had to provide her with an outline of his sermon before speaking. It can be discerned from his allegations that he did not provide an outline because he felt she was trying to censor him. He claims she did not require this of other individuals who wished to speak at a service, and he believes the differential treatment is based on their alleged disagreement about his theology. He claims she has told him that this theology is "unrealistic in a prison environment," and has accused him of "divid[ing] the church" when he speaks, which he claims is false.

He further claims that after he filed grievances about her, Chaplain Walker "began harassing and intimidating" him about his attendance at Prayer and Share, a Christian prayer service. It can be discerned from his allegations that he missed some services when he was at work. He claims these absences were excused by his supervisor, but his supervisor told him he did not want to be in "the middle" of a dispute between him and Chaplain Walker. Mr. Richmond ultimately withdrew from the group even though he still wanted to participate. Based on these events, he seeks monetary damages and injunctive relief, claiming that Chaplain Walker has placed a substantial burden on his religious practice.

"The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (quotations and citations omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016) (citation and quotations omitted). In providing opportunities for inmates to practice their religion "the efforts of prison administrators, when assessed in their totality, must be evenhanded." *Maddox v. Love*, 655 F.3d 709, 718–19 (7th Cir. 2011) (citation omitted). Prisons cannot discriminate against a particular religion, but may impose restrictions on the exercise of religion that are reasonably related to legitimate penological objectives, which includes safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987). Additionally, "[a] prison is entitled to ensure that a given claim reflects a sincere religious belief, rather than . . . a prisoner's desire to make a pest

3

of himself and cause trouble for his captors." *Vinning-El v. Evans*, 657 F.3d 591, 594 (7th Cir. 2011).

The Religious Land Use and Institutionalized Persons Act (RLUIPA) offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion [by an inmate], whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *see also* 42 U.S.C. § 2000cc-5(7)(A). However, RLUIPA only provides for injunctive relief against state officials, not monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). As with the First Amendment, "a prisoner's request . . . must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015). To state a claim under RLUIPA, an inmate must plausibly allege that an aspect of his religious practice has been substantially burdened. *Id.* At a later stage, the burden shifts to the defendant to show that the challenged conduct is the least restrictive means of pursuing a compelling governmental interest. *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005); *Koger v. Bryan*, 523 F.3d 789, 797 (7th Cir. 2008).

Giving the amended complaint liberal construction, Mr. Richmond alleges that Chaplain Walker has placed barriers on the exercise of his religion that she does not place on other Christian inmates because she does not like his particular theology. He claims that speaking at services and participating in programs to feed the poor are central tenets of his religion, but she has substantially burdened his ability to exercise these aspects of his religion. He has alleged a plausible claim for damages under the First Amendment.

4

Further factual development may show there were legitimate reasons for the requirements she imposed, but he has alleged enough to proceed further on this claim.

In addition to seeking damages, he also seeks injunctive relief under RLUIPA; however, he does not specify exactly what form of injunctive relief he is seeking. As best as can be discerned, he is seeking to be able to speak at General Christian services on the same terms as other inmates and to be permitted to rejoin the Prayer and Share service. Because RLUIPA is intended to remove barriers to his practice of religion, he will be permitted to proceed on a claim for injunctive relief related to those issues.[1] *See* 42 U.S.C. § 2000cc-1.

He also claims that Chaplain Walker began harassing him about his attendance at a prayer service because of grievances he filed against her. Under the First Amendment, an inmate can't be punished for engaging in certain kinds of speech. To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

---

[1] His allegations about the Thanksgiving in a Box program relate to events occurring in 2021. He does not specifically request injunctive relief related to this program, and the court cannot discern a basis for granting him injunctive relief related to a program that occurred two years ago.

Filing a grievance qualifies as "protected activity" for purposes of a First Amendment claim. *Gomez*, 680 F.3d at 866. On the second and third prongs, Mr. Richmond claims Chaplain Walker began "harassing and intimidating" him about his participation in a prayer service, which in turn led to problems between him and his supervisor. He ultimately decided to withdraw from the program so as to avoid further problems with his job, though he wanted to participate in the prayer service. He has plausibly alleged that he suffered a deprivation that could "dissuade a reasonable person from engaging in future First Amendment activity," *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015), and that Chaplain Walker took these actions because she was angry about his grievances. Again, further factual development may show there were legitimate, non-retaliatory reasons for her actions, but he has alleged enough to proceed on this claim.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed on a claim for monetary damages against Chaplain Anne Walker in her personal capacity for refusing to permit him to participate in a program to feed the poor and to speak at General Christian services on the same terms as other inmates in violation of the First Amendment;

(2) GRANTS the plaintiff leave to proceed against Chaplain Anne Walker in her official capacity for injunctive relief under the Religious Land Use and Institutionalized Persons Act to be permitted to speak at General Christian services on the same terms as other inmates and to participate in the Prayer and Share service;

(3) GRANTS the plaintiff leave to proceed on a claim for monetary damages against Chaplain Anne Walker in her personal capacity for "harassing and intimidating"

him into quitting a prayer service program in retaliation for grievances he filed against her in violation of the First Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Chaplain Anne Walker at the Indiana Department of Correction and to send her a copy of this order and the amended complaint (ECF 8) pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) ORDERS Chaplain Anne Walker to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 16, 2023            *s/ Damon R. Leichty*
                                                     Judge, United States District Court