UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK RICHMOND, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-649-MGG |
| ANNE M. WALKER, | |
| Defendant. | |

OPINION AND ORDER

Mark Richmond, a prisoner without a lawyer, filed a second amended complaint. (ECF 25.) Because he has already amended his complaint, further amendments can only be made with leave of court. Fed. R. Civ. P. 15(a). The court will construe his filing as a request for leave to amend his complaint. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted).

He does not outline the specific reasons why he is seeking to amend his complaint, but it appears that he is attempting to clarify certain allegations against Chaplain Anne Walker and seek some additional forms of relief. His proposed complaint was filed prior to the deadline set by the court for amending the pleadings, and discovery remains open until September 2024. (*See* ECF 19.) In the interest of justice, his request will be granted. The second amended complaint now supersedes all earlier pleadings and controls the case from this point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009).

Under 28 U.S.C. § 1915A, the court must screen the second amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Richmond is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Richmond is incarcerated at Indiana State Prison (ISP). As with his earlier pleadings, he claims he is an "adherent follower of Jesus Christ, identifies as a CHRISTIAN, and is a member of Christ's Church," with a particular emphasis on "progressive Christian theology." He claims that one of the primary tenets of his religion is to feed the poor. In September 2021, the warden of ISP approved him to participate in a program called "Thanksgiving in a box," a charity event facilitated by the prison and a community food bank that provides meals to needy families. He had participated in a similar program in 2017. He claims that Chaplain Walker, who is in charge of religious programming at the prison, told him he would only be permitted to participate in the event if he changed his religious preference to "General Christian." He believes she imposed this requirement because she disagrees with his theology. He claims that Chaplain Walker has told him on more than one occasion that she disagrees

2

with progressive Christian theology because "it gives false hope" and is "unrealistic in a prison environment." He refused to change his preference, and it appears he was not permitted to participate in the program.

In March 2022, he sent a request slip to begin attending General Christian services. In September 2022, he signed up to speak at a General Christian service. He claims there are no rules or requirements for speaking at General Christian services, other than signing one's name on a sheet. However, he claims Chaplain Walker told him he had to provide her with an outline of his sermon before he would be allowed to speak, a requirement she does not impose on other individuals. She allegedly told him that he "divide[s] the church when [he] speaks," but he claims she never actually heard him speak before this incident. He believes the differential treatment is based on their alleged disagreement about his theology.

In January 2023, he filed a grievance complaining that Chaplain Walker was "infringing on [his] right to exercise [his] religious beliefs." A few days later, Chaplain Walker allegedly began to retaliate against him. She sent out a memorandum barring him from speaking at services, and also began "harassing and intimidating" him about his attendance at a Christian prayer service he had joined. It can be discerned from his allegations that he missed some prayer services when he was at work, but he claims the absences were excused by his supervisor. After Chaplain Walker got involved, however, his supervisor told him he did not want to be in "the middle" of their dispute and would no longer sign off on absences. Mr. Richmond ultimately withdrew from the

3

group even though he still wanted to participate. Based on these events, he sues Chaplain Walker seeking monetary damages and various forms of injunctive relief.

"The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016) (citation and internal quotation marks omitted). In providing opportunities for inmates to practice their religion "the efforts of prison administrators, when assessed in their totality, must be evenhanded." *Maddox v. Love*, 655 F.3d 709, 718–19 (7th Cir. 2011) (citation omitted). Prisons cannot discriminate against a particular religion, but may impose restrictions on the exercise of religion that are reasonably related to legitimate penological objectives, which includes safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89–91 (1987).

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion [by an inmate], whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *see also* 42 U.S.C. § 2000cc-5(7)(A). However, RLUIPA only provides for injunctive relief against state officials, not monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). As with the First Amendment, "a prisoner's request . . . must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015). To state a claim under RLUIPA, an inmate must plausibly allege that an aspect

4

of his religious practice has been substantially burdened. *Id.* A substantial burden is one that "necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise . . . effectively impracticable." *Civil Liberties for Urban Believers v. City of Chi.*, 342 F.3d 752, 761 (7th Cir. 2003)). If the inmate succeeds in making this showing, the burden shifts to the defendant to show that the challenged conduct is the least restrictive means of pursuing a compelling governmental interest. *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005); *Koger v. Bryan*, 523 F.3d 789, 797 (7th Cir. 2008).

Giving Mr. Richmond's pleading liberal construction, he plausibly alleges that Chaplain Walker has placed substantial burdens on the exercise of his religion that she does not place on other Christian inmates, not for any legitimate reason, but because she does not agree with his particular brand of theology. He will be permitted to proceed on a claim for damages under the First Amendment. He will also be permitted to proceed on a claim under RLUIPA to obtain injunctive necessary to remove any improper restrictions on his religious practice and allow him to participate in religious programming on the same terms as other inmates.[1] *See* 42 U.S.C. § 2000cc-1.

He additionally claims that Chaplain Walker unlawfully retaliated against him because of the grievance he filed about her. Under the First Amendment, an inmate

---

[1] Aside from asking for injunctive relief related to his own religious practice, he asks for other broad forms of relief, including a restructuring of the General Christian facilitator program and development of a "leadership program" for religious speakers. The appropriate scope of an injunction is an issue for a later stage if Mr. Richmond ultimately prevails, but the court notes that RLUIPA authorizes "appropriate relief" aimed at removing improper restrictions on an inmate's religious practice. *See* 42 U.S.C. § 2000cc–2(a). He cannot obtain injunctive relief on behalf of other inmates, nor can he obtain relief that goes beyond what is necessary to remedy the violation of his constitutional or statutory rights. *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012); *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999).

cannot be punished for engaging in certain kinds of speech. To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Filing a grievance qualifies as "protected activity" for purposes of a First Amendment claim. *Gomez*, 680 F.3d at 866. Mr. Richmond claims Chaplain Walker began "harassing and intimidating" him about his participation in a prayer service because she was angry about the grievance, leading to his withdrawal from the program, and also banned him from speaking at religious services. He has plausibly alleged that he suffered a deprivation that could "dissuade a reasonable person from engaging in future First Amendment activity," *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015), and that Chaplain Walker took these actions in retaliation for his grievance.

For these reasons, the court:

(1) GRANTS the plaintiff's request to amend his complaint (ECF 25);

(2) GRANTS the plaintiff leave to proceed on a claim against Chaplain Anne Walker in her personal capacity for monetary damages for substantially burdening his religious practice in violation of the First Amendment;

(3) GRANTS the plaintiff leave to proceed against Chaplain Anne Walker in her official capacity under the Religious Land Use and Institutionalized Persons Act for injunctive relief necessary to remove the burdens on his religious practice;

(4) GRANTS the plaintiff leave to proceed against Chaplain Anne Walker in her personal capacity for monetary damages for retaliating against him for filing a grievance in violation of the First Amendment;

(5) DISMISSES all other claims;

(6) ORDERS Chaplain Anne Walker to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 11, 2024

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge